IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CARMEN BOYD BROWN, )
 )
　　　　　　　Petitioner, )
 )
　　v. ) 1:14CV514
 )
FRANK PERRY, )
 )
　　　　　　　Respondent. )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, submitted a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody, together with an application to proceed *in forma pauperis*. For the following reasons, the Petition cannot be further processed.

1. Petitioner indicates that state court remedies have not been exhausted as required by 28 U.S.C. § 2254(b). As the Court told Petitioner in two prior cases, this Court cannot grant relief unless state court remedies have been exhausted. Id. In North Carolina, a petitioner may satisfy the exhaustion requirement of § 2254 by raising her claim(s) in a direct appeal of her conviction and/or sentence to the North Carolina Court of Appeals followed by a petition to the Supreme Court of North Carolina for discretionary review, or by raising her claims in a Motion for Appropriate Relief ("MAR") and petitioning the North Carolina Court of Appeals for a writ of certiorari if the MAR is denied. See Lassiter v. Lewis, No. 5:11HC2082D, 2012 WL 1965434, at *4-5 (E.D.N.C. May 31, 2012) (unpublished) (citing O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999), and N.C. Gen. Stat. §§ 7A-31, 15A-1422). Petitioner continues to report that she filed an MAR which was denied, but has not filed a petition for certiorari with the North Carolina Court of Appeals. It is not clear why Petitioner continues to file in this Court without exhausting her state court remedies, but she should not do so in the future.

2. Petitioner did not complete the portion of the § 2254 form asking her to set out her claims for relief. Accordingly, she does not set out any claim for relief.

3. Petition was not signed by Petitioner (at least one copy must bear an original signature). Rule 2(c), Rules Governing § 2254 Cases.

Because of these pleading failures, the Petition should be filed and then dismissed, without prejudice to Petitioner filing a new petition on the proper habeas corpus forms with the $5.00 filing fee, or a completed application to proceed *in forma pauperis,* and otherwise correcting the defects noted after she exhausts her state court remedies. The Court has no authority to toll the statute of limitation, therefore it continues to run, and Petitioner must act quickly if she wishes to pursue this petition. See Spencer v. Sutton, 239 F.3d 626 (4th Cir. 2001). To further aid Petitioner, the Clerk is instructed to send Petitioner a new application to proceed *in forma pauperis,* new § 2254 forms, and instructions for filing a § 2254 petition, which Petitioner should follow only after she exhausts her state court remedies.

Petitioner also filed a Motion (Docket Entry 3) seeking an appointment of counsel. Such an appointment is not appropriate in light of the recommendation of dismissal. It may be that Petitioner is seeking an attorney to help her exhaust her state court remedies but, if so, this Court does not appoint counsel to handle state court matters. Petitioner must seek counsel from the state courts for that purpose. Her Motion seeking counsel in this case will be denied.

*In forma pauperis* status will be granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Petitioner § 2254 forms, instructions, and a current application to proceed *in forma pauperis.*

IT IS FURTHER ORDERED that Petitioner's Motion (Docket Entry 30) seeking an appointment of counsel is denied.

IT IS RECOMMENDED that this action be filed, but then dismissed *sua sponte* without prejudice to Petitioner filing a new petition which corrects the defects of the current Petition after she exhausts her state court remedies.

This, the 24th day of June, 2014.

_____
Joe L. Webster
United States Magistrate Judge